J-S09001-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                   :               PENNSYLVANIA
                                   :
             v.                       :
                                   :
                                   :
MUSTAFA ALI                     :
                                 :
             Appellant       :      No. 2608 EDA 2024

Appeal from the PCRA Order Entered September 13, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000683-2008

BEFORE:   LAZARUS, P.J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, P.J.:          **FILED APRIL 4, 2025**

Mustafa Ali appeals, *pro se*, from the order, entered in the Court of Common Pleas of Philadelphia County, denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On February 1, 2010, a jury convicted Ali of two counts of first-degree murder and related offenses after he shot and killed two armored car guards. Following a penalty hearing at which the jury sentenced him to life imprisonment, on February 24, 2010, the trial court sentenced Ali to two consecutive life sentences for the first-degree murder convictions, plus concurrent terms of imprisonment for the remaining convictions. On July 25, 2011, this Court affirmed Ali's judgment of sentence, ***see Commonwealth***

_____

[*] Former Justice specially assigned to the Superior Court.

***v. Ali***, 32 A.3d 280 (Pa. Super. 2011) (Table), and our Supreme Court denied allowance of appeal on December 28, 2011. ***See id.***, 34 A.3d 81 (Pa. 2011) (Table).

On August 28, 2012, Ali filed a timely *pro se* PCRA petition in which he raised numerous claims regarding the ineffectiveness of trial and appellate counsel. The PCRA court appointed counsel to represent Ali. On April 6, 2015, Ali filed a *pro se* "Motion for Withdrawal of Counsel and Self-Representation," averring that "he and counsel are at odds over counsel[']s lack of preparation in presenting his case." Motion for Withdrawal of Counsel, 4/6/15, at 1 (unpaginated). The Commonwealth filed a motion to dismiss Ali's PCRA petition on May 12, 2016. On May 29, 2015, while his PCRA petition was still pending and he was still represented by counsel, Ali filed a *pro se* "Petition for Writ of Habeas Corpus Ad Subjiciendum."[1] The PCRA court held a ***Grazier***[2] hearing on September 22, 2015, after which the court granted Ali the right to represent himself *pro se* in his PCRA proceedings.

The PCRA court held a hearing via videoconference on October 18, 2016. On October 24, 2016, the PCRA court issued a Pa.R.Crim.P. 907 notice of

---

[1] Generally, a *pro se* filing by an appellant who is represented by counsel is considered to be a legal nullity, as the filing constitutes improper hybrid representation. ***See Commonwealth v. Leatherby***, 116 A.3d 73, 78 (Pa. Super. 2015); ***see also Commonwealth v. Williams***, 151 A.3d 621, 623 (Pa. Super. 2016) ("[T]his Court will not accept a *pro se* motion while an appellant is represented by counsel; indeed, *pro se* motions have no legal effect and, therefore, are legal nullities.").

[2] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

intent to dismiss. Ali filed a response on November 3, 2016, and the court dismissed the petition on November 29, 2016. Ali appealed and, on August 11, 2017, this Court affirmed the denial of PCRA relief. ***See Commonwealth v. Ali***, 175 A.3d 1065 (Pa. Super. 2017) (Table). Our Supreme Court denied allowance of appeal. ***See id.***, 411 EAL 2017 (Pa. 2018).

On October 24, 2023, Ali filed a *pro se* "Motion to Convert Habeas Petition into PCRA Petition." On December 15, 2023, Ali filed a *pro se* PCRA petition in which he asserted that:

> [Ali] filed his *pro se* state habeas corpus petition [on May 29, 2015,] which was never ruled upon or dismissed. This is still on the docket and open. This state habeas petition should have been converted into a PCRA petition. [Ali's] PCRA rights should be reinstated to convert that habeas petition into a PCRA petition.

PCRA Petition, 12/15/23, at 8 (unpaginated).

On July 26, 2024, the PCRA court issued Rule 907 notice of intent to dismiss and, on September 13, 2024, the court formally dismissed the petition as untimely without an exception. Ali filed a timely notice of appeal. The PCRA court did not order Ali to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Ali raises the following claims for our review:

> 1. Did not the PCRA court err in ruling [Ali's] PCRA petition was untimely?
>
> 2. Did not the PCRA court err in failing to convert [Ali's] state habeas petition into a PCRA petition?

Brief of Appellant, at 4 (unnecessary capitalization omitted).

This Court's standard of review regarding an order dismissing a PCRA petition is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. **Commonwealth v. Burkett**, 5 A.3d 1260, 1267 (Pa. Super. 2010) (citations omitted). In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. **Id**.

Prior to addressing Ali's claims, we must determine whether the PCRA court properly determined that his petition was untimely and, therefore, it lacked jurisdiction to consider its merits. The timeliness of a PCRA petition is a jurisdictional threshold and may not be disregarded to reach the merits of the claims raised in an untimely PCRA petition. **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014). Generally, a PCRA petition, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final unless the petitioner alleges and proves that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii), is met.[3] A PCRA petition invoking one of these

---

[3] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

*(Footnote Continued Next Page)*

statutory exceptions must be filed within one year of the date the claims could have been presented. ***See id.*** at § 9545(b)(2).

Here, our Supreme Court denied Ali's petition for allowance of appeal on December 28, 2011. Accordingly, his judgment of sentence became final on March 27, 2012, at the expiration of the 90-day period for seeking certiorari before the United States Supreme Court. ***See*** 42 Pa.C.S.A. § 9545; Sup. Ct. R. 13. Thus, Ali had until March 27, 2013 to file a timely PCRA petition. Ali's instant PCRA petition was filed on October 24, 2023,[4] more than 10 years after his judgment of sentence became final. Accordingly, Ali's petition is untimely, unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies.

As the PCRA court aptly noted, Ali failed to "acknowledge, let alone meaningfully address, the PCRA's statutory time bar." PCRA Court Opinion, 9/13/24, at 2 (unpaginated). Accordingly, the PCRA court correctly

_____

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

[4] As stated above, Ali submitted two filings in close succession—a "Motion to Convert Habeas Petition into PCRA Petition," filed on October 24, 2023, and an amended PCRA petition, filed on December 15, 2023. The PCRA court addressed both filings together pursuant to the PCRA. ***See*** PCRA Court Opinion, 9/13/24, at 1 n.1 (unpaginated).

determined that it lacked jurisdiction to address Ali's claims and we, therefore, affirm the order denying post-conviction relief.[5]

Order affirmed.

Judgment Entered.

*[signature: Benjamin D. Kohler]*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/4/2025

_____

[5] We note that, even if Ali's state habeas corpus petition had not been filed in violation of the rule against hybrid representation and the court had converted it into a PCRA petition, Ali would still be entitled to no relief. The petition was filed on May 29, 2015, more than three years after Ali's judgment of sentence became final, and Ali did not plead or prove an exception to the PCRA's time bar in that petition.